

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00112-CR

JARENTE MITCHELL                                              APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
TRIAL COURT NO. 1363506D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jarente Mitchell appeals from the trial court's judgment revoking his community supervision, adjudicating his guilt for burglary of a habitation, and sentencing him to five years' confinement and a $190.99 fine. We modify the judgment and the incorporated order to withdraw funds to delete the fine and, as modified, affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(b).

---

[1]*See* Tex. R. App. P. 47.4.

Mitchell was indicted with burglary of a habitation. *See* Tex. Penal Code Ann. § 30.02(a) (West Supp. 2017). On May 20, 2014, under the terms of a plea-bargain agreement, Mitchell pleaded guilty to the offense, and the trial court deferred adjudicating his guilt and placed him on community supervision for three years. The trial court also imposed a nonsuspended $300 fine, which was an additional term of the plea-bargain agreement. The conditions initially imposed on Mitchell's community supervision were supplemented and amended several times. During the period of Mitchell's community supervision, the State filed a petition to proceed to a hearing to determine if Mitchell's community supervision should be revoked and his guilt adjudicated. The State alleged that Mitchell had violated five conditions: (1) committed a new offense, (2) used marihuana on nine occasions, (3) failed to report to his community-supervision officer twice, (4) failed to pay the monthly supervision fee fourteen times, and (5) failed to pay court costs, the fine, or attorney's fees. The trial court heard evidence regarding the State's violation allegations, found each allegation to be true, and adjudged Mitchell guilty of the underlying offense. Based on the same evidence adduced at the adjudication hearing, the trial court revoked Mitchell's community supervision and sentenced him to five years' confinement. In the judgment adjudicating Mitchell's guilt, the trial court imposed a fine of $190.99.

Mitchell timely filed a notice of appeal from the trial court's judgment. *See* Tex. R. App. P. 26.2(a). Mitchell's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion.

In the brief, counsel states that in his professional opinion, this appeal is frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744 (1967). Mitchell did not respond to counsel's brief or motion although both counsel and this court advised him of his right to do so. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider the record and the arguments raised in the *Anders* brief. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding). We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgment requires modification with regard to the assessment of a $190.99 fine that appears in the trial court's written judgment adjudicating guilt and the order to withdraw funds from Mitchell's inmate trust account. The trial court did not orally assess a fine during its oral pronouncement of Mitchell's sentence, but the written judgment adjudicating guilt includes the fine. Although the trial court included a "Not Suspended" $300 fine in the order of deferred

3

adjudication, the judgment adjudicating Mitchell's guilt set aside the prior deferred order, including the fine. *See Taylor v. State*, 131 S.W.3d 497, 499–500 (Tex. Crim. App. 2004). Of course, the trial court's oral pronouncement of sentence controls over its written judgment to the extent they conflict. *Id.* at 502. Accordingly, because the trial court did not include a fine in its oral pronouncement of sentence at Mitchell's revocation hearing, we modify the trial court's judgment adjudicating guilt to delete the $190.99 fine, which must also be removed from the incorporated order to withdraw funds from Mitchell's inmate trust account. *See id.*; *Bowie v. State*, No. 02-16-00379-CR, 2017 WL 2806320, at *3 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op., not designated for publication); *Cox v. State*, No. 02-13-00596-CR, 2015 WL 831544, *1 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication).

Except for this modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit. Our independent review of the record reveals nothing further that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, modify the trial court's judgment and incorporated order to withdraw funds to delete the fine, and affirm the judgment as modified. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth

4

2005, no pet.) (en banc) (modifying judgment in *Anders* appeal and affirming judgment as modified).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  SUDDERTH, C.J.; GABRIEL and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 28, 2017